# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVING G. HUMPRHEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A. YATES,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO. 1:09-CV-00075 LJO DLB PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1-1) |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Irving G. Humphrey ("Plaintiff") is a state prisoner proceeding pro in this civil rights action pursuant to 42 U.S.C. § 1983 and California law.  On January 13, 2009, Defendant Yates ("Defendant") filed a notice of removal of this action from Fresno County Superior Court.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II. Summary of First Amended Complaint**

Plaintiff is currently housed at Pleasant Valley State Prison ("PVSP") in Coalinga, where the events at issue in this action are occurring. Plaintiff names Warden James A. Yates as defendant. Plaintiff seeks money damages and injunctive relief. Plaintiff alleges claims for violation of the California and United States Constitutions.

Plaintiff was transferred to PVSP on September 2, 2003, and was not warned of the existence of Valley Fever, or Coccidioidomycosis, a fungal disease. Plaintiff alleges that he suffered from limited breathing capacity and compromised respiratory functioning prior to the transfer. Plaintiff states that he subsequently developed Valley Fever at PVSP and suffers from continued deterioration of his respiratory ability.

**A. Equal Protection Claim**

Plaintiff alleges that Defendant violated the Equal Protection Clause, which requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class,

such as race.  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff's first amended complaint is devoid of any allegations supporting a claim that he was intentionally discriminated against by Defendant, and his equal protection claim fails as a matter of law.

**B.     Eighth Amendment Claim**

Plaintiff alleges an Eighth Amendment claim. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff appears to be proceeding on the theories that his transfer to PVSP posed a substantial risk of harm to his health, and that his continued retention at PVSP poses a substantial risk of harm to his health. In order to state a claim, Plaintiff is required to show that Defendant Yates (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a

3

federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). "[T]here is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Id. (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Plaintiff's first amended complaint does not adequately link Yates to the knowing disregard of a substantial risk of harm to Plaintiff's health. General allegations about the dangerous conditions at PVSP and the failure to warn Plaintiff of those conditions, or risks, are not sufficient to support an Eighth Amendment claim. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128. Because Plaintiff may be able to cure the deficiencies in his claims, the Court will grant leave to amend.

### C. Claims Arising from the California Constitution

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should

be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Because plaintiff may be able to state claims for relief under section 1983, the court reserves discretion to exercise supplemental jurisdiction over and to address plaintiff's state law claims after plaintiff files his second amended complaint, so as to allow plaintiff opportunity to state cognizable claims for relief under section 1983.

Plaintiff is notified that if he fails to allege a viable federal claim in his second amended complaint, the Court will not exercise supplemental jurisdiction over his state law claims.

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). Plaintiff is cautioned that he should not fill his amended complaint with legal arguments and citations. Rather, Plaintiff should focus on identifying his legal claims and setting forth, as briefly but specifically as possible, the facts linking the defendants he names to the violation of his rights. The legal standards provided by the Court in this order should provide guidance to Plaintiff in that regard.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his second amended complaint and any attempt to do so will result in an order striking the second amended complaint; and
5. If Plaintiff fails to file a second amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 23, 2009**  /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE