# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVING G. HUMPHREY, | Case No. 1:09-cv-00075-LJO-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| JAMES A. YATES, et al., | (Doc. 13) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

## I.  Findings and Recommendations

Plaintiff Irving G. Humphrey ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On January 13, 2009, Defendant James A. Yates removed Plaintiff's action from Fresno Superior Court. (Doc. 1.) On April 24, 2009, the Court screened and dismissed Plaintiff's first amended complaint with leave to file a second amended complaint within thirty days. (Doc. 9.) On June 1, 2009, after receiving an extension of time, Plaintiff filed his second amended complaint. (Doc. 13.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1  appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §
2  1915(e)(2)(B)(ii).

3       A complaint must contain "a short and plain statement of the claim showing that the
4  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
6  conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing
7  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).  Plaintiff must
8  set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its
9  face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations
10 are accepted as true, legal conclusions are not.  Id.

**II.  Summary of Second Amended Complaint**

Plaintiff is currently housed at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names as defendants the Director of the California Department of Corrections and Rehabilitation ("CDCR") Matthew Cate, Warden James A. Yates, and classification service representative T. Wardlow.

Plaintiff alleges the following. On September 2, 2003, Plaintiff was received at PVSP. Plaintiff was not given any warnings regarding the dangerous conditions at PVSP, namely the presence of the fungus which causes coccidiomyosis, also known as valley fever. Plaintiff was exposed to and contracted valley fever on or about November 25, 2005. Valley fever caused Plaintiff to suffer serious flu like symptoms, including fever, chills, night sweats, and labored breathing. Plaintiff at one required transport to the emergency room. Plaintiff already has impaired respiratory functions because he has pre-existing lung cancer, which resulted in the removal of the lower lobe of Plaintiff's right lung. On or around August 3, 2006, a memorandum was issued from the CDCR to all wardens regarding valley fever. On or about October 28, 2007, Plaintiff filed a 602 inmate appeal requesting a transfer from PVSP to another facility. Plaintiff alleges that he contracted valley fever a second time.

Plaintiff alleges violation of the Equal Protection Clause, the Eighth Amendment, and California Government Code section 830. Plaintiff seeks monetary damages. Because Plaintiff

2

has not alleged compliance with California's Torts Claims Act, Plaintiff's state law claim is dismissed from this action.[1]

### III.     Discussion

####     1.     Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways.   First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001).  Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that:  (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.   If an equal protection claim is based upon the defendant's

---

[1] California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2008). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

Plaintiff claims that he was deprived of equal protection of the law. However, Plaintiff fails to identify what identifiable class he is a member of, how he was treated differently from others similarly situated, or that there was no rational basis for the difference in treatment. Plaintiff's conclusion that he was deprived of equal protection is not sufficient to state a claim.

**2.   Eighth Amendment**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152

4

F.3d at 1128.

Here, Plaintiff's allegation against Defendant Wardlow appears to be based solely on Wardlow's alleged action of endorsing Plaintiff for transfer to PVSP. Plaintiff's allegations that any defendants knew of valley fever's presence and danger prior to Plaintiff's transfer does not meet the plausibility standard of Iqbal. Plaintiff makes no allegations against Defendant Cate, and thus fails to state a claim against him. Under § 1983, Plaintiff is required to show that (1) each defendant acted color of state law nd (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006.)[2]

Plaintiff alleges that Defendant Yates knew of the coccidiomycosis at PVSP yet failed to warn any inmates of the risk of injury or harm. Based on the allegations, the warden was notified of the dangers of valley fever after August 3, 2006, when the memorandum regarding valley fever was issued. Plaintiff's allegations indicate that he was transferred to PVSP on September 2, 2003. Plaintiff's arrival at PVSP and Plaintiff's subsequent contraction of valley fever is not enough indicate that Defendant Yates knew that Plaintiff would contract valley fever upon arrival, or that Defendant Yates knew of the danger of valley fever upon Plaintiff's arrival.

However, Plaintiff further alleges that he contracted PVSP twice and, because of his pre-existing respiratory conditions, is susceptible to contracting valley fever again. Plaintiff alleges that he requested a medical transfer on October 2007 from Defendant Yates and other PVSP officials to a prison outside of valley fever exposure, but no transfer occurred. Plaintiff alleges

---

[2] If Plaintiff was alleging liability against Defendant Cate on a respondeat superior theory, Plaintiff also fails to state a claim. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under § 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff fails to allege sufficient facts that indicate Defendant Cate personally participated in the constitutional deprivation, knew of the violations and failed to act, or implemented a policy so deficient that the policy is itself a repudiation of constitutional rights and the moving force of the violation.

Case 1:09-cv-00075-LJO-JLT   Document 14   Filed 10/28/09   Page 6 of 6

that Defendant Yates did learn of the danger of valley fever.  Under a liberal construction of the pleadings, Plaintiff has stated a cognizable claim for deliberate indifference against Defendant Yates.  Because Defendant Yates has already appeared in this proceeding, he is granted twenty days within which to respond to the second amended complaint after the Findings and Recommendations have been resolved.

## IV.  Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS the following:

1. Defendants Cate and Wardlow are dismissed from this action for failure to state a claim upon which relief may be granted;

2. Plaintiff's equal protection and state law claims are dismissed for failure to state a claim upon which relief may be granted;

3. This action proceed against Defendant James A. Yates for violation of the Eighth Amendment; and

4. Defendant Yates is granted **twenty (20)** days from the date the Court's Findings and Recommendations is resolved in which to file a response to the second amended complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 27, 2009             /s/ Dennis L. Beck
                                                              UNITED STATES MAGISTRATE JUDGE