# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVING G. HUMPHREY, | CASE NO. 1:09-cv-00075-LJO-DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR COMPULSORY JOINDER |
| v. | (Doc. 16) |
| JAMES A. YATES, et al., | |
| Defendants. | ORDER DENYING LEAVE TO AMEND COMPLAINT |
| _____/ | |

Plaintiff Irving G. Humphrey ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Yates for violation of the Eighth Amendment.

On November 13, 2009, Plaintiff filed a motion entitled, "Motion For And In Support Of "Compulsory Joinder" pursuant to F. R. Civ. P. 19(a)." (Doc. 16.) Plaintiff contends that three more defendants should be joined to the complaint.

Federal Rule of Civil Procedure 19(a) states in pertinent part:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

Plaintiff contends that the three defendants who he wishes to join also deprived Plaintiff of his constitutional rights. These three defendants are medical personnel at Pleasant Valley State Prison.

1

1    The policy rationale of Rule 19 is to avoid creating harm for an absentee party or a

2    defendant, rather than deferring to Plaintiff's autonomy.  Lopez v. Martin Luther King Jr. Hosp.,

3    97 F.R.D. 24, 28 (C.D. Cal. 1983).  However, the purpose of compulsory joinder is to bring in

4    defendants who are necessary or required to the action.  Since Plaintiff is seeking monetary

5    damages in this action, the Court does not find the addition of three more defendants to be

6    absolutely required.  First, under the "complete relief" clause, Plaintiff demonstrates no good

7    cause as to why he cannot receive money damages in this action against Defendant Yates alone.

8    Second, under the "impair or impede" clause, Plaintiff fails to demonstrate that any of the other

9    defendants would lose the ability to protect an interest related to the action.  Third, under the

10   multiple liability clause, Plaintiff fails to demonstrate that any existing party would suffer

11   substantial risk.  Thus, Plaintiff fails to demonstrate any grounds for granting a Rule 19(a) motion.

12   Plaintiff is seeking to add parties who were not named in his second amended complaint.

13   It appears Plaintiff's intent is to amend his complaint to add three more defendants.  Thus,

14   Plaintiff's motion is also construed as a Rule 15(a) motion.  Pursuant to Rule 15(a)(2) of the

15   Federal Rules of Civil Procedure, once Plaintiff amended as a matter of course, Plaintiff may

16   amend his pleading "only with the opposing party's written consent or the court's leave."  No

17   consent was filed by Defendant Yates, and the Court did not grant Plaintiff leave to amend.

18   Plaintiff may, if he chooses, file a motion for leave to amend or seek a stipulation from

19   Defendant Yates.  Should Plaintiff file a motion to amend he should attach a copy of his proposed

20   amended complaint to his motion. Finally, in deciding whether he will move to amend or file a

21   new complaint Plaintiff should consider the requirement to exhaust administrative remedies **prior**

22   to filing.

23   Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion, filed November

24   13, 2009, is DENIED.

25    IT IS SO ORDERED.

26   **Dated:    December 23, 2009**                    **/s/ Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE

27

28

2