IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVING C. HUMPHREY,<br><br>    Plaintiff,<br><br>    vs.<br><br>JAMES A. YATES, Warden,<br><br>    Defendant.<br>_____/ | Case No. 1:09-cv-00075 LJO JLT (PC)<br><br>ORDER DENYING MOTION TO SUPPLEMENT THE PLEADINGS<br><br>(Doc. 32) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Now pending before the Court is Plaintiff's October 6, 2010 motion to supplement the pleadings.

**I.   BACKGROUND**

Plaintiff is proceeding in this matter on his second amended complaint. On March 22, 2010, the Court found that Plaintiff's second amended complaint states a cognizable Eighth Amendment claim against Defendant Yates regarding the treatment of Plaintiff's Valley Fever. (Doc. 21.) The Court also found, however, that the second amended complaint failed to state cognizable claims against Defendants Cate and Wardlow and failed to state cognizable equal protection and state law claims. (Id.) Defendant Yates filed an answer to the second amended complaint on April 20, 2010, and discovery ensued. (Docs. 22 & 23.) Pursuant to the Court's scheduling order issued April 21, 2010, the deadline for amended pleadings was set for October 21, 2010. (Id.)

## II. **LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint should be given freely when justice so requires. However, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citing Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999)). In the Ninth Circuit, the greatest weight is placed on "the consideration of prejudice to the opposing party." Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

In addition, the Court is required to screen complaints brought by a prisoner seeking relief against a government entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2). A claim is legally frivolous when it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

## III. **ANALYSIS**

As an initial matter, the Court notes that Plaintiff's motion to supplement the pleadings does not conform to the Local Rules for the Eastern District of California. Under Local Rule 220, "every pleading to which an amendment or supplement is permitted . . . shall be retyped and filed so that it is complete in itself without reference to the prior or superceded pleading." However, here, Plaintiff's proposed supplemental pleadings fail to include the allegations and exhibits which the Court initially found to state a cognizable claim against Defendants Yates.

In any event, the Court finds that granting Plaintiff leave to supplement the pleadings would be futile, as the proposed supplemental pleadings fail to state new cognizable claims under § 1983. In his proposed supplemental pleadings, Plaintiff apparently claims that Defendant Yates discriminated against him in denying him a medical prison transfer. (Doc. 32 at 2-3.) Plaintiff's claim implicates the Equal Protection Clause of the Fourteenth Amendment, which requires that persons who are similarly situated be treated alike. See City of Cleburne v. Cleburne Living Center,

2

Inc., 473 U.S. 432, 439 (1985). To state a cognizable equal protection claim, a plaintiff must allege facts demonstrating that: (1) the defendant intentionally discriminated against plaintiff based upon plaintiff's membership in a protected class, see, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); or (2) the defendant intentionally treated plaintiff differently from similar situated individuals without a rational relationship to a legitimate state purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004). In his proposed supplemental pleadings, Plaintiff fails to allege facts demonstrating either. Plaintiff therefore fails to state a cognizable equal protection claim against Defendant Yates.[1]

Plaintiff also claims in his proposed supplemental pleadings that Defendant Yates retaliated against him by denying him a medical prison transfer. (Doc. 32 at 3.) A viable claim for retaliation under the First Amendment entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) the inmate's protected conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the adverse action did not reasonably advance a legitimate penological purpose. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). Here, Plaintiff has failed to allege any facts indicating that Defendant Yates ignored Plaintiff's requests for a medical prison transfer because Plaintiff engaged in conduct protected by the First Amendment. Thus, Plaintiff's bald and conclusory allegation that Defendant Yates took "retaliatory measures" against him fails to state a cognizable retaliation claim.

## IV.  CONCLUSION

Accordingly, for the reasons set forth above, it is HEREBY ORDERED that Plaintiff's October 6, 2010 motion to supplement the pleadings (Doc. 32) is denied.

IT IS SO ORDERED.

Dated:  **December 1, 2010**             **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Moreover, the Court notes that Plaintiff's equal protection claims regarding the denial of a medical transfer have already been dismissed by the Court with prejudice. (See Docs. 14 & 21.) For this reason alone, Plaintiff's attempt to reinsert an equal protection claim against Defendant Yates by supplementing the pleadings must be denied.